**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GLORINES TIRADO-MALDONADO; SANTOS MALDONADO-GONZALEZ and CARMEN ROBLES-BURGOS**<br><br>    Plaintiffs,<br><br>         v.<br><br>**UNITED STATES OF AMERICA; U.S. DEPARTMENT OF JUSTICE; U.S. DRUG ENFORCEMENT ADMINISTRATION**<br><br>    Defendants. | Civil Case. NO. 12-1673 (PG) |

**OPINION AND ORDER**

Pending before the Court is United States of America, the U.S. Drug Enforcement Administration ("DEA") and the U.S. Department of Justice's ("DOJ") motion to dismiss (Docket No. 12) and the plaintiffs' opposition thereto (Docket No. 14). For the reasons set forth below, the Court hereby **GRANTS** the government's request.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Glorines Tirado-Maldonado, Santos Maldonado-Gonzalez and Carmen Robles-Burgos (hereinafter "plaintiffs") filed the above-captioned complaint pursuant to the Federal Tort Claims Act ("FTCA"). Therein, they brought suit against the United States of America (hereinafter "the government") and individual federal agencies after DEA Agent Jimmy Alverio-Hernandez was allegedly involved in a traffic accident which resulted, *inter alia*, in the loss of plaintiff Santos Maldonado-Gonzalez' automobile. See Docket No. 1.

Subsequently the government filed a motion to dismiss (Docket No. 12). In short, the government asserts that co-defendants U.S. Department of Justice and the U.S. Drug Enforcement Administration are not proper party defendants pursuant to the Federal Tort Claims At, inasmuch as federal agencies are immune from suit *eo nomine*. See Docket No. 12. In addition, the government alleges that the complaint filed by plaintiff Santos Maldonado-Gonzales is timed-barred insofar as the accident occurred on August 25, 2009, and the plaintiff filed the administrative claim on October 31, 2011. Thus, the government asserts that by the time that Mr. Maldonado-Gonzalez filed his claim, the statute of limitations

set forth in 28 U.S.C. § 2401(b) had elapsed. Consequently, the government requests this Court dismiss plaintiff Maldonado-Gonzalez' claim pursuant to FED.R.CIV.P. 12(b)(1).

Thereafter, on January 31, 2013, the plaintiffs filed their response to the government's motion to dismiss (Docket No. 14). Therein, the plaintiffs consent to the government's request for dismissal as to co-defendants U.S. Department of Justice and U.S. Drug Enforcement Administration.[1] See Docket No. 14. However, plaintiff Maldonado-Gonzalez opposes the government's assertion that his complaint was time-barred. To that effect, the plaintiffs include the Standard Form 95 submitted to the U.S. Drug Enforcement Administration on December 07, 2010, wherein plaintiff Maldonado-Gonzalez's claim was allegedly accumulated as his name was listed under the "property damage" section of said form. See Docket No. 14-1. Accordingly, plaintiff Maldonado-Gonzalez asserts that the claim for the loss of his vehicle was timely filed pursuant to 28 U.S.C. § 2401(b).

The government then filed its sur-reply to the plaintiffs' response to motion to dismiss (Docket No. 17), wherein it contends that the administrative claim of plaintiff Maldonado-Gonzalez was not accumulated in the Standard Form 95 submitted to the U.S. Drug Enforcement Administration on December 07, 2010. See Docket No. 17. Moreover, the government includes a statement under penalty of perjury of Associate Chief Counsel Karen K. Richardson[2] in which she asserts she denied "the claim presented by plaintiff Maldonado-Gonzalez because it had not been presented within two years of the date of the accident on August 25, 2009." See Docket No. 17-1 ¶ 12.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must

---

[1] Accordingly, the Court hereby **DISMISSES** plaintiffs' claims against the U.S. Drug Enforcement Association and U.S. Department of Justice **WITH PREDJUDICE.**
[2] Karen K. Richardson is the Associate Chief Counsel, Civil Litigation Section, in the Office of Chief Counsel of the United States Department of Justice, Drug Enforcement Administration. She is the custodian of DEA records relating to the filing, evaluation, and disposition of administrative claims presented to DEA under the Federal Tort Claims Act. See Docket No. 17-1.

accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations… a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

## II. DISCUSSION

It is well settled law that the United States cannot be sued without its prior consent. Accordingly, the United States Supreme Court has held that "the United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). In addition, "sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States']

Civil No. 12-1673 (PG) Page 5

consent to be sued in any court define that court's jurisdiction to entertain the suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).

The Federal Tort Claims Act[3] "is a limited waiver of the federal government's sovereign immunity with respect to tortuous conduct of federal employees." Shansky v. United States, 164 F.3d 688, 690 (1st Cir.1999). Moreover, it is the exclusive remedy for suits against the United States or its agencies sounding in tort.[4]

Pursuant to the FTCA, a plaintiff is required to exhaust his or her administrative remedies prior to filing suit. Accordingly, section 2675 provides, in relevant part, that "[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency..."[5] In order to properly exhaust administrative remedies pursuant to section 2675, a plaintiff shall file a "claim form or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." Santiago-Ramirez v. Sec. of the Department of Defense, 984 F.2d 16, at 19 (1st Cir. 1993). If a petitioner fails to comply with the aforementioned statutory prerequisite, "the court must dismiss the complaint for lack of subject matter jurisdiction." McNeil v. U.S., 508 U.S. 106, at 113(1993). Moreover, "plaintiffs bear the burden of establishing that a proper administrative claim has been filed." Livera v. First Natl' State Bank, 879 F.2d 1186, at 1195 (3rd Cir. 1989)). "If multiple claimants exist, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim..." Frantz v. United States, 791 F.Supp. 445, at 450 (D. Delaware 1992) (citing Estate of Santos v. United States, 525 F. Supp. 982 (D.P.R.)).

On a separate point, 28 U.S.C. §2401(b) sets forth the statute of limitations applicable to claims brought under the FTCA. In accordance, said section states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years

---
[3] 28 U.S.C. §§ 1346, 2671–2680.
[4] See 28 U.S.C. § 2679(a).
[5] 28 U.S.C. § 2675(a).

>           after such claim accrues or unless action is begun
>           six months after the date of mailing, by certified
>           or registered mail, of notice of final denial of
>           the claim by the agency to which it was presented.

28 U.S.C. §2401(b). "Failure to timely file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim, since the filing of an administrative claim is a non-waivable jurisdictional requirement." Santiago-Ramirez, 984 F.2d at 18.

Whether a claim accrues under the FTCA is a question of federal law. Brazzell v. United States, 788 F.2d 1353, 1355 (8th Cir. 1986). As a general rule, an FTCA claim accrues at the time of injury. United States v. Kubrick, 444 U.S. 111 (1979). The accident that gave rise to the above-captioned complaint took place on August 25, 2009. Thus, plaintiffs were required to file their claim before the appropriate agency on or before August 25, 2011. Plaintiff Glorines Tirado-Maldonado, on her behalf and on behalf of minors Leomar and Ian Rodriguez-Tirado, timely filed her complaint before the Drug Enforcement Administration on December 7, 2010. Plaintiff Carmen Robles-Burgos did so as well. See Docket No. 17-1. However, plaintiff Santos Maldonado-Gonzalez filed his complaint on October 31, 2011, at which time the two year period set forth in section 2401(b) had already expired. See Docket No. 12-1.

Mr. Maldonado-Gonzalez now avers that his claim was timely filed, insofar as it was accumulated on the original Standard Form 95 submitted to the agency on December 07, 2010. See Docket No. 14. The Court disagrees. Inasmuch as the present case involves multiple plaintiffs, each claimant is required to "individually satisfy the jurisdictional prerequisite of filing a proper claim..." Frantz v. United States, 791 F.Supp. at 450. Mr. Maldonado-Gonzalez' name merely appears on the "property damage" section of Tirado-Maldonado's claim form. Nonetheless, he failed to timely file one in claimant capacity and thus, failed to properly exhaust administrative remedies as required by the FTCA. Accordingly, the Court finds that Mr. Maldonado-Gonzalez failed to carry "the burden of establishing that a proper administrative claim has been filed." Livera v. First Natl' State Bank, 879 F.2d at 1195. Consequently, the Court finds that Mr. Maldonado-Gonzalez' complaint is time-barred.

**CONCLUSION**

Pursuant to the foregoing, the government's motion to dismiss (Docket No. 12) is **GRANTED**. Plaintiffs' claims against co-defendants U.S. Department of Justice and U.S. Drug Enforcement Administration are **DISMISSED WITH PREJUDICE,** and plaintiff Maldonado-Gonzalez' claim against the government is **DISMISSED WITH PREJUDICE**. Partial judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, November 20, 2013.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE